By the Couiit.
This judgment must be reversed, 1st. Because it does not appear that the summons was legally served. The constable’s return is as follows. “Served this summons June 2 1837, on George Fisher, the other defendant out of the county; no copy demanded.” This return is bad for two reasons. 1st. It does not shew how the summons was served on Fisher. The statute (Mev. L. 630. Section 6.) requires that the constable shall endorse on the summons, the time and manner of service. He may have only told the defendant lie had a summons for him, or have done something else which he considered a service. But the Justice had no right to proceed against Fisher in his absence, unless it appeared, by the officer’s return, that the summons had been lawfully served on him; which should have been by reading it to the defendant. 2dly. The return is also bad as respects Moore, the other defendant. It says, “ the other defendant out of the county.” That may have been true, and yet he may have had a house or place of abode in the county, at which the summons ought to have been served. If the defendant Moore did not reside in the county and could not be found within the same to be served with process, the constable ought to have returned that he could not be found in his county so as to be served with process. Such a return would have excluded the idea of his having a place of abode in the county; and if untrue, subjected the constable to an action for a false -eturn. For these reasons *234 the judgment must be reversed. There was another error committed by the Justice, if we understand his record: for it appears that he “ accepted ” to use his own terms, the lease declared upon, in evidence, without requiring any proof of its execution. Perhaps however some of the witnesses subsequently sworn were subscribing witnesses or proved the execution of the lease.
For the reasons first given, the judgment must be reversed.

Judgment Reversed.